ANDREW TOMKO, PLAINTIFF AND APPELLEE, v. FREDERICK SHARP ET AL., TRADING, ETC., AS SHARP & ROBBINS, DEFENDANTS AND APPELLANTS.

Submitted March 18, 1915—Decided June 23, 1915.

1. A bailment takes place where an article of personal property is put into the hands of one for a special purpose, and is to be returned by the bailee to the bailor or delivered to some third person when the object of the trust is accomplished.

2. A bailment may be terminated by the full performance of the bailment purpose.

3. When a bailment for the bailor's sole benefit has been terminated by performance of the bailment purpose which was the delivery of a chattel to a third person, liability of the bailee cannot be predicated upon the failure of the bailee thereafter to deal with the chattel as requested by such third party.

4. No legal responsibility rests on one who declines to become a bailee, though he has gratuitously agreed to do so.

---

On appeal from the District Court of the city of Trenton.

Before Justices TRENCHARD, BERGEN and BLACK.

For the appellants, *Geraghty & Weelans.*

For the appellee, *Albert Hughes.*

The opinion of the court was delivered by

TRENCHARD, J.   This action was brought to recover from the defendants damages for injury to the plaintiff's automobile.

The jury found for the plaintiff, and the only question presented by this appeal is the propriety of the denial of the motion for nonsuit.

We are of the opinion that the motion should have been granted.

At the time the motion was denied the evidence, considered in the light most favorable to the plaintiff, would have justified the jury in finding the following matters of fact:

The plaintiff was the owner of an automobile which he kept at defendants' garage.   On February 10th, 1914, Mr. Robbins, a member of the defendants' firm, at the request of the plaintiff, agreed to run the machine to Fitzgibbon & Crisp's carriage shop, and deliver it there for repairs which the plaintiff had arranged for.   At the same time he also agreed to run the automobile back to the defendants' garage after the repair work was done.   Mr. Robbins accordingly delivered the machine to Fitzgibbon & Crisp.   After he had delivered the automobile, the foreman of Fitzgibbon & Crisp asked him to drain the water from the tank.   Robbins smelled the water and then said that it had alcohol in it.   He then departed.   About noon of the following day Fitzgibbon & Crisp, having finished the repairs, notified Robbins that the automobile was ready to go back to the defendants' garage. Mr. Robbins failed to call for it that afternoon, and that night the water in the machine froze and caused the damage for which this suit was brought.

The motion for nonsuit was based upon the ground, among others, that there was no evidence of negligence on the part of the defendants.

Now, the complaint declared upon a gratuitous bailment for the bailor's sole benefit. The learned trial judge in his charge so characterized the transaction, and both parties have so treated it, and so, for the purpose of this review, it will be assumed to have been such a bailment.

A bailment takes place where an article of personal property is put into the hands of one for a special purpose, and is to be returned by the bailee to the bailor or delivered to some third person when the object of the trust is accomplished. *Gilson* v. *Pennsylvania Railroad Co.*, 86 *N. J. L.* 446; affirmed, Court of Errors and Appeals, June 14th, 1915 (*post p.* 688).

It will be seen, therefore, that the evidence in the present case disclosed at most, first, a gratuitous bailment consisting of the delivery by the plaintiff of the automobile to Robbins for the purpose of taking it to Fitzgibbon & Crisp, and secondly, a gratuitous agreement to become bailee for the purpose of returning it from Fitzgibbon & Crisp's shop to the defendants' garage.

With respect to the bailment, it will be observed that the special purpose for which the automobile was delivered to Robbins was accomplished when he took it to the shop of Fitzgibbon & Crisp and delivered it to them. The bailment was terminated by the full performance of the bailment purpose. Since it was undisputed that this was accomplished without any fault or negligence upon the part of Robbins, there could be no recovery on account of the bailment.

No recovery could be predicated upon the fact that Robbins did not drain the water from the tank after the delivery of the car pursuant to the terms of the bailment. If he had done so, he would have exceeded the terms of the bailment, and that he had no right to do. If he had done so, and if, as the evidence indicates, the water had alcohol in it, it might well be that he would have rendered himself liable to the plaintiff for the alcohol thereby lost.

With respect to the second branch of the case, it appeared, as we have pointed out, that Robbins agreed to take the automobile from Fitzgibbon & Crisp's shop to the defendants'

garage after the repairs had been completed. This was merely a gratuitous promise to become bailee. As a matter of fact, he did not go after the machine and did nothing in performance of the promise. Now, the rule is that no legal responsibility rests on one who declines to become a bailee, though he had gratuitously agreed to do so. Upon this topic Professor Dobie, in his work on *Bailment and Carriers* (at *p.* 60), says: "It will readily be seen that the promise of the person that he will become bailee (since he will receive no benefit, even if a bailment is afterwards created) is without consideration, and therefore unenforceable. Such person, then, can break his executory contract with impunity and incur no legal liability. By non-feasance, then, which imposes no liability, is meant the utter failure even to enter upon the performance of the bailment. No legal responsibility thus rests on one who declines to become a bailee, though he has gratuitously agreed to do so."

Since upon no phase of the case can the denial of the motion to nonsuit be justified, the judgment below will be reversed and a *venire de novo* awarded.