MARVIN YOUNKERS, BY HIS NEXT FRIEND, JOSEPHINE YOUNKERS, AND JOSEPHINE YOUNKERS, INDIVIDU- ALLY, PLAINTIFFS-RESPONDENTS, v. THE COUNTY OF OCEAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted May 17, 1943—Decided September 16, 1943.

For the appellant, *Robert A. Lederer.*

For the respondent, *Edward W. Haines.*

The opinion of the court was delivered by

COLIE, J.   The appellant, County of Ocean, appeals from a judgment entered against it at the Ocean County Circuit of the Supreme Court.   The co-defendant, Richard Burton, against whom judgment also went, does not appeal.   The grounds of appeal are error in denying a motion for nonsuit and for a direction of verdict in favor of the County of Ocean.

The defendant, County of Ocean, was not, under the facts hereinafter stated, engaged in the performance of a govern- mental function and therefore liability could be imposed upon it for the negligent operation of the instrument here involved. *Olesiewicz* v. *City of Camden,* 100 *N. J. L.* 336.

Marvin Younkers, a minor, was employed as a laborer on roadwork by the Borough of Pine Beach.   On February 25th,

1939, he sustained serious injuries when run over by a road grader operated by Richard Burton. The grader was owned by the County of Ocean but rented to the Borough of Pine Beach at the rate of $2 an hour. When the grader was rented to a municipality the operator was furnished by the County of Ocean but was paid on an hourly basis by the Borough of Pine Beach and the operator's name was carried on the payroll of the borough. When doing county work, Burton was paid by the county and was under the supervision of the county road supervisor. When doing work for the municipality, the county road supervisor exercised no supervision over the grader. In this case the work being done at the time of the accident was under the supervision of one Heatley, foreman of road work for the Borough of Pine Beach. The extent of his supervision was to give Burton instructions as to what the former wanted done and thereafter the latter did it according to his own judgment. Burton testified that the arrangements that he made with Heatley, the road foreman for the borough, were acceptable to him, and that is borne out by the fact that Burton had been operating the grader on borough road work for some weeks before the accident.

The liability of the County of Ocean to respond in damages to the plaintiff must be grounded upon the relationship of master and servant between it and the operator Burton. Control by the master over the servant is of the essence of that relationship. *Spelde* v. *Galtieri,* 102 *N. J. L.* 203. When a servant is permitted or directed by the master to perform services for another, he may become the servant of such other. The question of whether the general employer, or the specific employer is the master turns upon the decision as to who has the right to exercise control over the servant. The elements of the relation of master and servant have been stated by this court as "hiring, control, direction and power of dismissal." *Cf. Courtinard* v. *Gray Burial, &c., Co.,* 98 *Id.* 493 (at *p.* 496); *New York, Lake Erie and Western Railroad Co.* v. *Steingrenner,* 47 *Id.* 161. In *Delaware, Lackawanna and Western Railroad Co.* v. *Hardy,* 59 *Id.* 35; *affirmed,* 59 *Id.* 562, it was held that to establish the fact that the servant of one has transferred his service to another *pro hac vice,* it

must appear that he has assented, expressly or impliedly, to such transfer. This element is present in Burton's statement that the arrangements were acceptable to him.

In determining the question of whether Burton was the servant of the County of Ocean when the injuries were inflicted upon the infant plaintiff, it becomes important to bear in mind that we are dealing with the specific task on which he was working, namely, the scraping out of gravel for the use of the Borough of Pine Beach. In that operation the County of Ocean had no interest, excepting only the rental that it would receive for the use of the scraper, and the safe return of the rented instrument at the completion of the rental period. The road supervisor for the county expressly stated that he exercised no supervision over Burton on that specific job. This latter statement is corroborative of the testimony of Heatley, road foreman of the borough that he supervised the use of the grader, at least to the extent of indicating what should be done and thereafter left the execution to Burton's judgment. This, coupled with payment of Burton's wages, points toward the essential element of control lying with the borough rather than with the county. On the other hand is the fact that the grader, an eight ton, motor-driven mechanism of considerable value—judged by the rental paid—was the property of the county and the county officials would expect Burton to be mindful of its interests in his handling of the machine. If he proved himself unmindful of the county's interest in the grader, it retained the right and power to prohibit his operation of it, whether at the time the work being done was for the county or for the municipality. Conceivably there might be a clash of interest between the solicitude of the county for a valuable machine and the desire of the borough for gravel to be used on its roads. If such a conflict in interest arose, was Burton so divorced from his general employment by the county that he could jeopardize its property to further the ends of his specific employer? Then, too, the borough concededly had no voice in the selection of Burton. It took whatever operator the county supervisor saw fit to send with the grader. There is no suggestion in the record that the County of Ocean

ever surrendered the right to discharge Burton from its general employment. "In the absence of evidence to the contrary, there is an inference that the actor remains in his general employment so long as, by the service rendered another, he is performing the business entrusted to him by the general employer. There is no inference that because the general employer has permitted a division of control, he has surrendered it." *Restatement of the Law of Agency,* § 227, *comment* (*b*).

Under the circumstances here exhibited, we are of the opinion that there were conflicting inferences to be drawn from the evidence and that the action of the trial judge in submitting the case to the jury was correct. The judgment· is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, HAGUE, JJ.   11.

*For reversal*—PERSKIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ.   5.