13 N.J. Super. 462 (1951)
80 A.2d 638
JOSEPH ROBERTS, JOSEPH DEMYANOVICH AND ARTHUR HANSEN, PLAINTIFFS-RESPONDENTS,
v.
GEO. M. BREWSTER & SON, INC., A CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1951.
Decided May 16, 1951.
*464 Before Judges FREUND, DONGES and PROCTOR.
Mr. William George argued the cause for plaintiffs-respondents (Mr. J. Edward Bennett, attorney).
Mr. George P. Moser argued the cause for defendant-appellant (Mr. William L. Rae on the brief).
The opinion of the court was delivered by DONGES, A.J.S.C.
This is an appeal from judgments entered in the New Jersey Superior Court, Law Division.
On March 22, 1948, the plaintiffs were injured as the result of the falling of a boom appended to a 40-ton Speed-crane. The crane was owned by the defendant, but had been rented to the Catalytic Corporation under a written lease dated the 15th day of March, 1948. The lease provided that the lessee was to employ defendant's operators and was to return the machine in first-class condition. The crane was not actually used until March 22, the day of the accident. At the time of the accident, the crane was being operated by Julian DeSena, a general employee of the defendant. He was sent to operate the crane at the Catalytic job site by the defendant's master mechanic. He began working about 4 o'clock and proceeded to move the crane into position for the job. It does not appear that any one other than the defendant had any direct control over his operation of the crane, except perhaps to indicate what work had to be done. Mr. DeSena testified that as he saw the boom going down, he grabbed for the brake, but it evidently did not hold, or he grabbed it too late.
There was considerable testimony concerning the cause of the boom's falling. After the accident, DeSena, with others. *465 removed the boom's brake band and found that it was covered with old grease. William J. Joyce testified that upon examination of the brake band he found that the grease had been on the brake band for two or three months and, in his opinion, the brake would not hold because of the presence of the grease thereon. Mr. Joyce had experience in the maintenance and operation of cranes over a period of 30 years. Several other witnesses testified that they saw the brake band and that it was saturated with old grease.
Motions were made by the defendant for involuntary dismissals. These motions were denied by the trial court and the case was submitted to the jury. Verdicts were returned by the jury in favor of each of the plaintiffs.
One of the issues involved in this matter is whether the trial judge erred in denying defendant's motions for a dismissal. The case was submitted to the jury on two separate theories of liability. The first theory is that the defendant supplied a crane to its lessee which was defective and dangerous. It is a well recognized principle of law that a supplier of an article, not inherently dangerous but which may become dangerous when put to the use for which it is intended, owes to the public a duty of using reasonable care and diligence to see that it is reasonably fit for the purpose for which it was intended to be used, and if reasonable care is not employed and someone is injured, the supplier becomes liable for consequent injuries. Heckel v. Ford Motor Co., 101 N.J.L. 385 (E. & A. 1925); Restatement of Law of Torts, ch. VII, § 392, p. 1064; Styles v. Long Co., 70 N.J.L. 301 (E. & A. 1904); Marvin Safe Co. v. Ward, 46 N.J.L. 19 (Sup. Ct. 1884); Kafton v. Wickberg, 120 N.J.L. 417 (Sup. Ct. 1938). The duty or liability arises independent of contract and the breach of said duty gives rise to a cause of action in tort. See cases cited supra.
The defendant does not seem to deny the applicability of the principles mentioned supra, but does allege that the existence of the grease was not the proximate cause of plaintiffs' injuries. There certainly was sufficient testimony in *466 plaintiffs' direct case to warrant submission to the jury of the question of proximate cause. Mr. Joyce testified, for example, that in his expert opinion the brake would not hold because of the presence of the grease. There was, also, additional testimony concerning this question. Under circumstances such as those presented here, the question of proximate cause is for the triers of fact.
The second theory upon which the case was submitted to the jury was that the accident was caused by the negligence of the operator of the crane, and that the defendant would be liable under the doctrine of respondeat superior. The defendant claims that DeSena, at the time of the accident, was the servant of the lessee and consequently defendant can not be held liable for his acts. It is well recognized, of course, that the liability of the defendant to the plaintiffs must be grounded upon the relationship of master and servant between it and DeSena. Control by the master of the servant is of the essence of that relationship. Spelde v. Galtieri, 102 N.J.L. 203 (E. & A. 1925). When the servant of one employer is permitted or directed by him to perform duties for another, he may become the servant of such other. Younkers v. Ocean County, 130 N.J.L. 607 (E. & A. 1943). The question of whether the general employer or the specific employer is the master turns upon the decision of who has the right to exercise control over the servant. Younkers v. Ocean County, supra. Ordinarily, whether the servant is under the control of one master or another is a factual question to be decided by a jury. Restatement of Law of Agency, ch. VII, § 220(b), pp. 484, 485. In the instant case, there was an abundance of testimony and inferences to permit the jury to find that DeSena was the defendant's servant at the time of the accident. The fact that the crane was such a valuable piece of machinery might indicate that it was the intention of the defendant to retain control over its operator. Conceivably, there might be a clash of interest between the solicitude of the defendant for a valuable machine and the lessee's desire to accomplish some work. The defendant *467 would certainly expect DeSena to look after its interests first. Then, too, the lessee had no voice in the selection of the operator. It took whatever operator the defendant saw fit to send with the crane. These and other facts justified the court in submitting the question of relationship to the jury. Younkers v. Ocean County, supra.
The defendant further contends that the trial court erred in refusing to charge certain requests. A careful review of the charge clearly indicates that the substance of each of the requests, except the first, was incorporated in the charge. The first request was not proper in that it would direct a finding that DeSena was not the servant of the defendant. As indicated, this was for the jury to decide. It is not necessary for the court to use the language submitted in a proper request, if the substance thereof is incorporated in the charge. Paolercio v. Wright, 2 N.J. 412 (Sup. Ct. 1949).
The remaining contention is that the verdict is against the weight of the evidence. This, likewise, is without merit. A verdict will not be set aside unless it appears to be the result of mistake, passion, or prejudice. Such is not the situation in the instant case.
The judgments under review are affirmed.