ERIC NELSON, PLAINTIFF-APPELLANT, v. FRUEHAUF TRAILER COMPANY, DEFENDANT-RESPONDENT.

Argued January 12, 1953—Decided February 9, 1953.

*Mr. Nathan Baker* argued the cause for the plaintiff-appellant (*Mr. Bernard Chazen* on the brief).

*Mr. Raymond L. Cunneen* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

OLIPHANT, J.   This is a negligence action in which the plaintiff sues for personal injuries suffered when the door of a trailer fell on him.   The case was tried in the Superior

Court, Law Division, Hudson County, and resulted in a judgment of dismissal entered on defendant's motion at the close of the case for plaintiff's failure to show a right to relief. On appeal the Appellate Division affirmed the judgment below, 20 *N. J. Super.* 198, and this court granted certification on plaintiff's petition, 10 *N. J.* 346.

The facts are set forth in the opinion of the Appellate Division, *supra*. On the phase of the case that we will discuss the pertinent facts are as follows. On February 22, 1950 Stephen Korba, plaintiff's employer, borrowed from the defendant a second-hand trailer to be used in the business of Korba. On the same day plaintiff, at the order of his employer, drove a tractor to the defendant's place of business and attached the loaned trailer to it. He then proceeded to Bayonne where he picked up a load of radiators and returned to the Korba yard in the same city where he left the tractor and trailer over night. The following day he drove to Linden, New Jersey, to deliver the radiators to the Birdsall Company, and he backed the trailer up to the unloading platform, opened the rear door and while so doing it fell on him causing the injuries complained of.

The decision of the trial court was based on the finding that the loan of the trailer constituted a gratuitous bailment for the sole benefit of the bailee and that there was no evidence in the case which would support a finding of negligence on the part of the defendant. The Appellate Division agreed with the trial court on the bailment issue and therefore affirmed.

We need not and do not determine whether or not the bailment involved in the case was one for the mutual benefit of the parties or merely a gratuitous bailment for the sole benefit of the plaintiff's employer. Even if we were to assume a bailment for mutual benefit there is a fatal lack of proof of negligence or of the failure to exercise reasonable care under all the circumstances.

The trailer had been accepted as a trade-in by the defendant a few days before it was loaned to Korba, and the evidence

shows that the manager of the defendant-company before that transaction made the customary inspection of it which included opening and closing the doors; and that again before the loan of the trailer to defendant's employer an employee of the defendant inspected the hinges of the door and found them in good working order. When plaintiff picked up the trailer he testified "the doors opened all right," and at the time the radiators were loaded into the trailer plaintiff personally opened and closed the doors and said they were apparently in good order. After arriving at the Birdsall plant and backing to the platform he opened the rear door and in doing so it fell on him.

An employee of Birdsall testified that after the accident he saw rust around the hinges and the top hinge seemed to have pulled out, that where the door had come off there was wood, that it had rotted and the bolts holding the hinges had pulled through. Evidence adduced on behalf of the defendant, on the other hand, was to the effect that the trailer had corrugated steel sides, steel corner posts with steel doors and steel hinges were attached with bolts to the corner posts.

It will thus be seen that plaintiff's case, given the benefit of every reasonable inference, is based solely upon the testimony that the door fell because its top hinge was in a defective condition, that there was rust around it and if it be that the door post was of wood, that the wood around the hinge was rotted.

This is not a case where the doctrine of *res ipsa loquitur* can be invoked, and it is basic that negligence is a fact which must be proved and which will never be presumed; nor will the mere proof of the occurrence of an accident raise a presumption of negligence. *Callahan v. National Lead Co.*, 4 *N. J.* 150 (1950); *Meny v. Carlson*, 6 *N. J.* 82 (1950).

In any circumstances, under the facts exhibited in this case the highest duty owed to the plaintiff by the defendant was to make the trailer safe for the use to which it was to be put, to give warnings of danger which he knew of with

respect to its use, and to make any reasonable inspection of it to ascertain any defects or dangerous conditions. *Restatement, Torts, sec.* 392. He was not an insurer. The rule as stated many times in this State is that the supplier of an article, not inherently dangerous, the case here, which may become so when used as intended is under a duty to use reasonable care and diligence to see that it is reasonably fit for the purpose for which it is to be used. *Marvin Safe Co. v. Ward*, 46 *N. J. L.* 19 (*Sup. Ct.* 1884); *Heckel v. Ford Motor Co.*, 101 *N. J. L.* 385 (*E. & A.* 1925); *Roberts v. George M. Brewster, Inc.*, 13 *N. J. Super.* 462 (*App. Div.* 1951).

Defendant's employees on at least two occasions had checked the doors to make certain they would open and close properly. There is no evidence as to whether or not the defect complained of was of such a nature as to be able to be detected upon a reasonable examination. For all it appears the condition was latent and could not have been ascertained upon reasonable inspection. The rust around the hinge did not necessarily indicate a defective condition and of itself does not create an inference of negligence.

The plaintiff established no breach of any duty owed to him by the defendant.

Judgment affirmed. No costs.

*For affirmance*—Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—5.

*For reversal*—Chief Justice VANDERBILT, and Justice HEHER—2.