**Kenneth Ault, d/b/a Ken's Body Shop, Plaintiff-Appellee, v. Associates Discount Corporation, Defendant-Appellant.**

**Gen. No. 11,783.**

Second District, Second Division.

October 14, 1963.

410

John G. Ames, of Moline, for appellant.

No appearance or briefs filed for appellee.

SPIVEY, J.

Associates Discount Corporation, hereinafter called defendant, appeals from a judgment in favor of Kenneth Ault, d/b/a Ken's Body Shop, hereinafter called plaintiff. A judgment in the amount of $532.70 was awarded by the County Court of Rock Island County in a trial before the court. The case came to the County Court on appeal from a judgment for the plaintiff after a hearing in a police magistrates court.

Robert Michaels was the owner of an automobile that was financed with the defendant. When Michaels damaged the auto in a collision the plaintiff successfully bid to repair the auto and undertook the repairs. This was with the approval of the defendant and a Mr. Enderton, an adjuster for an insurance company that provided collision coverage on Michaels automobile. Repairs were commenced but Michaels was dissatisfied with the plaintiff's work and work was suspended. The plaintiff then claimed a lien on the vehicle for the material and labor expended and retained possession of the vehicle. Until the repairs were completed, the defendant and Michaels could not secure a settlement under the collision feature of Michaels insurance policy. To gain possession of the vehicle, Mr. Selander, office manager of the defendant, called the plaintiff and requested the plaintiff to release the vehicle so that repairs could be completed.

412

Selander guaranteed to pay the plaintiff's bill for repairs if the plaintiff would release the vehicle. The vehicle was released and then the defendant refused to pay the plaintiff.

Defendant contends that the promise to pay was the promise to answer for the debt of another and unenforceable by reason of the statute of frauds. (Ill Rev Stats 1961, c 59, § 1.) It also contends that Mr. Enderton, the insurance adjuster, and agent of Michaels for the purpose of securing repairs for the car, and the plaintiff were guilty of collusion and so, it is claimed that the plaintiff is not entitled to compensation. Defendant also claims that the plaintiff failed to prove the authority of Selander to charge the defendant. Lastly, defendant claims that there is no evidentiary basis for the amount of damages awarded in the judgment of the court.

With reference to defendant's attempt to charge the plaintiff and Enderton with collusion and double dealing, there is no evidence to show such a situation. Defendants contention on this point is without merit.

On the question of proof of authority of Selander, the office manager of the defendant, to charge the defendant, the trial court in his opinion found that the defendant accepted the benefit of Selander's act, and so cannot deny his authority. Actually, it was to the defendant's benefit to secure possession of the vehicle. Selander testified that after possession of the auto was obtained, Michaels was able to and did settle his collision loss with his insurance company and that the insurance company funds were made payable to the defendant. The action of the defendant in accepting the benefits of the acts of its office manager now amounts to a ratification of his acts. A party cannot repudiate the acts of another done in its interest and on its behalf and at the same

time retain the fruits and benefits of those acts. Receipt of these benefits with full knowledge of the material facts relating to the source of the benefits and the manner of acquisition, constitutes a ratification of such act unless the principal returns the benefits and repudiates the act within a reasonable time. (Buford v. Chief, Park Dist. Police, 18 Ill2d 265, 164 NE2d 57; Karetzkis v. Cosmopolitan Nat. Bank, 37 Ill App2d 484, 186 NE2d 72.)

In the instant case the defendant did not repudiate the acts of its office manager, but rather, chose to retain the funds secured by his acts. Whether or not the plaintiff's evidence showed authority of Selander to act as he did, it is clear that plaintiff's evidence amply showed facts upon which the court could and did find a ratification of the acts of Selander.

■ ■ Paraphrasing the applicable section of the Statute of Frauds (Ill Rev Stats 1961, c 59, § 1) relied upon by the defendant, this statute provides: "No action shall be brought to charge the defendant upon any special promise to answer for the debt of another person unless the promise or some memorandum of the promise shall be in writing and signed by the party to be charged therewith." Defendant contends that the promise claimed to have been made by Selander falls within the Statute and so is unenforceable. Not all promises to pay a debt, however, are within the Statute. The courts have held that where a new agreement obligates the promisor to pay in all events, and such promise is supported by consideration, the agreement thus created is not unenforceable. (Eddy et al. v. Roberts, 17 Ill 505.) The issue then is whether the promise of the defendant's agent was an original and independent promise or a collateral and dependent promise. The test has been said to be whether or not the party sought to be charged was to be liable at all events or only in case the other party fails to pay.

(Koban v. Grodon Supply Co., 253 Ill App 569; Illinois Surety Co. v. Munro, 209 Ill App 407.) That is, was it an undertaking supported by consideration passing from plaintiff to defendant promisor so as to create a new original independent agreement or was the defendant's promise to pay the new obligation of Michaels for the labor and materials furnished by plaintiff without consideration.

■ ■ This issue is one of fact for the trier of the fact. In the case of Raveret-Weber Printing Co., Inc. v. Wright, 301 Ill App 421, 23 NE2d 203, a suit was brought to charge the defendant with payment for goods furnished a third person at the request of the defendant. The Court said, "Whether the undertaking was original or collateral was a question of fact for the jury to determine under proper instructions by the Court. To the same effect is Lusk v. Throop, 189 Ill 127, 59 NE 529. The plaintiff did in fact surrender possession of the vehicle when he had a right to hold the vehicle as security for his services. The trial court in the instant cause found this factual question in favor of the plaintiff, and we cannot substitute our judgment for his where, as here, that judgment has a substantial evidentiary basis. (Peet v. Dolese & Shepard Co., 41 Ill App2d 358, 190 NE2d 613.)

■ Finally, on the issue of damages defendant contends that there is no evidence in the record to support the court's award. Plaintiff testified as to the amount of time spent repairing the vehicle, the value of the time, and also related the cost of the parts purchased and used in making the repairs. Defendant offered evidence to show that the repairs were not made in good workmanlike manner and that the value of the property was not enhanced. This again presented a fact question for the trial court. However, considering all of the evidence, we can find no evidentiary basis for the amount of damages

415

awarded. The plaintiff's evidence showed at the most damages in the amount of $445.45. Therefore, the judgment is excessive to the extent of $87.25. Pursuant to the authority of Section 92(p) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 92(e)) this court may enter a remittitur where the judgment is excessive. (Horns v. Johnson, 17 Ill App2d 314, 149 NE2d 437; Lannon v. Alex, 339 Ill App 645, 90 NE2d 800.)

For this reason, the judgment of the County Court of Rock Island County is affirmed upon filing by the plaintiff his consent to a remittitur in the sum of $87.25, otherwise, the judgment is reversed and the cause remanded for new trial.

CROW, P. J. and WRIGHT, J., concur.