**Jacob A. Wing, d/b/a Wing's Tree Experts, Plaintiff-Appellee, v. Philip C. Lederer and Peter Sonza-Novera, Defendants, Philip C. Lederer, Defendant-Appellant.**

### Gen. No. 66–100M.

Second District.

December 29, 1966.

Lederer, Barnhill and Fox, of Chicago, for appellant.

Robert Weber, of Highland Park, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

Plaintiff, Jacob A. Wing, a licensed tree surgeon, d/b/a Wing's Tree Experts, brought this suit against the defendants, Philip C. Lederer, (herein called Lederer), and Peter Sonza-Novera, (herein called Novera), to recover the sum of $500 for services rendered. The complaint alleged that Novera, who acted as a part-time caretaker and yardman for Lederer, either individually, or as Lederer's agent, hired the plaintiff to do certain work at the Lederer residence.

The case was tried before the court without a jury and judgment was entered for the plaintiff and against Lederer, in the sum of $250; and for the defendant, Novera. Lederer appealed from the judgment against him and no cross appeal was filed.

Lederer contends that the plaintiff did not prove any contractual relationship with him; failed to offer evidence to sustain this action under a quasi-contract theory whereby Lederer would be liable for the work done by plaintiff; and also failed to prove the fair and reasonable value of the services rendered.

Mrs. Lederer testified that in the early spring of 1964 she asked Novera whether a certain maple tree on the Lederer property needed care. He answered that it did, that he knew a man in the business, and that he would send him to her. Novera then contacted the plaintiff, had him come to the property, and showed him this tree, which had some dead branches near its top. Novera testified that he told the plaintiff to talk to the lady of the house about the tree; and that the plaintiff pointed out other tree and shrubbery work which needed to be done.

415

Plaintiff's version of this conversation is somewhat different. He testified that Novera showed him the maple tree and that he, the plaintiff, told Novera that it, as well as other trees, needed care; that Novera then told him to go ahead and do what was necessary; and that the cost of the work was not discussed.

At the end of June or the first of July, plaintiff sprayed the foliage. Later he came back and pruned the maple tree and root fed several trees. He returned again in the latter part of July and in early September to do more spraying and root feeding. It is undisputed that he neither saw nor talked to either Lederer, Mrs. Lederer or Novera while working on the premises. Sometime during the summer, Novera told Mrs. Lederer that the tree work apparently had been done since the dead branches in the maple tree had been removed. However, the plaintiff did not contact the Lederers and had no conversation with anyone concerning the work, other than that heretofore related between himself and Novera.

No statement was rendered for this work until November of 1964, at which time Lederer received a bill from the plaintiff for $500. Mrs. Lederer did not pay the bill but called the plaintiff on several occasions to discuss it with him. Plaintiff never returned her calls. No further word was received from the plaintiff until October of 1965, at which time another statement was received. At the trial no testimony was offered which specified the work done or the time and materials used on the job, and there was no evidence relative to the fair or reasonable value of the work done.

■■ Lederer had unquestionably constituted Novera his agent to recommend someone to take care of the maple tree. There is no issue as to the existence of an agency between Lederer and Novera, but only as to the latter's authority. The authority of the agent may come only from his principal. City of Evanston v. Piotrowicz, 20 Ill2d 512, 519, 170 NE2d 569 (1960). There is no

dispute as to the actual authority conferred upon Novera. He was told to recommend someone to take care of the maple tree and to have that person talk to Mrs. Lederer. Both the principal and the agent understood this to be the extent of the agent's authority. It clearly did not include the hiring of a tree man for any purpose, and under no circumstances could it be parlayed to include the hiring of such man to do whatever he thought was necessary.

■ Nor can it be said that Lederer clothed Novera with apparent authority to hire plaintiff to do the work which was done. Apparent authority in an agent is such authority as the principal knowingly permits the agent to assume or which he holds his agent out as possessing— it is such authority as a reasonably prudent man, exercising diligence and discretion, in view of the principal's conduct, would naturally suppose the agent to possess. Faber-Musser Co. v. William E. Dee Clay Mfg. Co., 291 Ill 240, 244, 126 NE 186 (1920) ; 1 ILP Agency, § 112. The plaintiff had no contact with Lederer either before or during the time in which the work was done, and Lederer neither did nor failed to do anything which would justify the plaintiff in assuming that Novera had authority to hire him.

■ One dealing with an assumed agent is duty bound to ascertain the extent of the agent's authority. Such circumstance alone, should put the person dealing with such agent on guard in that anyone dealing with such agent must, at his own peril, ascertain not only the fact of the agency, but also the extent of the agent's authority. Paine v. Sheridan Trust & Savings Bank, 342 Ill 342, 349, 174 NE 368 (1931) ; Slape v. Fortner, 3 Ill App2d 339, 349, 122 NE2d 57 (1954).

■ Even assuming that the plaintiff's version of his conversation with Novera was correct, he conceded that Novera pointed out to him only the work to be done on the maple tree. It was the plaintiff who men-

tioned other work which should be done on the trees and shrubbery. Apparently, from the size of the bill, the other work was substantial and, in view of such circumstance, the plaintiff had a duty to confirm that a part-time yardman had the authority to direct him to do whatever was necessary.

The plaintiff contends that, absent any original authority on the part of Novera, Lederer by accepting the work which the plaintiff did, and by retaining the benefit thereof, ratified the acts of his agent in hiring the plaintiff. The rule is that where an agent has acted outside of the scope of his authority, a principal may ratify the act and render it obligatory upon himself; and that subsequent assent and ratification is equivalent to an original authorization and confirms that which originally was an unauthorized act. Karetzkis v. Cosmopolitan Nat. Bank, 37 Ill App2d 484, 490, 186 NE2d 72 (1962); Fraternal Army of America v. Evans, 114 Ill App 578, 588 (1904), affd 215 Ill 629, 74 NE 689. The ratification may either be express or inferred from the surrounding circumstances, but it must come from the acts or conduct of the principal. 3 Am Jur2d, Agency, § 162. However, a principal may not be held to have ratified that which was done unless he acts with full knowledge of all the material facts. Coleman v. Connolly, 242 Ill 574, 583, 90 NE 278 (1909); 3 Am Jur2d, Agency, § 173.

Ratification rests on intention. The mere retention of the benefits of a transaction cannot be held to constitute ratification if the principal does not have the privilege of repudiating the unauthorized act. 3 Am Jur2d Agency, § 168. Absent such choice, the principal's conduct in accepting such benefits does not indicate that he assents to what has been done or intends to confirm it. In all of the cases cited by plaintiff, the ratification by a principal was made when he had full knowledge of the facts and a choice of either accepting or rejecting the benefits of the transaction.

Lederer had no choice! His trees had been pruned and sprayed long before he had knowledge of what had been done. He could not undo that which had then been done and his acceptance of the work was not by choice but by necessity. The fact that he did not stop the plaintiff from doing the work is no evidence of ratification, since it is undisputed that Lederer did not have knowledge of the services during the time they were being rendered. Lederer cannot be held to have ratified the hiring of plaintiff even if it is assumed that Novera hired him to do whatever was necessary.

The trial court appeared to have rendered judgment in favor of the plaintiff on the theory that the work was done and he should get something for it. The court apparently entered the judgment of $250 on the theory that plaintiff, who offered no evidence which specified the details of the work or the method used in computing the amount charged, was nevertheless entitled to recover something.

The plaintiff contends that the court's action was proper in that where compensation is not fixed by a contract, the law will imply an agreement to pay what the services are reasonably worth, and has cited Fehr Const. Co. v. Postl System of Health Bldg., 288 Ill 634, 641, 124 NE 315 (1919) and Robinson v. Riverside Plaza Corp., 248 Ill App 242, 254, 255 (1928), as authorities for such rule. The cited cases hold that where there is a contract, express or implied, under which one furnishes articles or services for another and there is no agreement as to compensation, the law implies an agreement to pay a reasonable value for such articles or services. However, in the case at bar, there was no contract, express or implied, between plaintiff and Lederer upon which an inference to pay can be based.

If plaintiff predicates his right to recover upon a quasi-contractual obligation on the part of Lederer, he must fail since he neither pleaded sufficient facts to

warrant such recovery nor proved the reasonable value of the materials and services rendered. Bloom v. Nathan Vehon Co., 341 Ill 200, 207, 173 NE 270 (1930); Goldberg v. Hamburger, 342 Ill App 444, 96 NE2d 636 (1950). Proof of delivery of a bill in a given amount, standing alone, is not evidence of the reasonable value of services rendered or of materials furnished. Stewart v. Board of Sup'rs of Clark County, 335 Ill App 385, 82 NE2d 194 (1948).

For the reasons we have indicated, the judgment of the trial court is reversed and judgment is hereby entered in favor of the defendant, Lederer.

Judgment reversed and judgment entered herein for defendant-appellant.

MORAN, P. J. and ABRAHAMSON, J., concur.