113 N.J. Super. 509 (1971)
274 A.2d 325
BERNARD GARFIELD AND SHIRLEY GARFIELD, PLAINTIFFS,
v.
FURNITURE FAIR-HANOVER, A CORPORATION OF NEW JERSEY, SOMETIMES KNOWN AS FURNITURE FAIR; AND A.B., AN INDIVIDUAL WHICH IS A FICTITIOUS NAME; AND IN THE ALTERNATIVE, X.Y.Z. CORPORATION, LIKEWISE A FICTITIOUS NAME; AND M.N., A PARTNERSHIP MADE UP OF O.P. AND Q.R., LIKEWISE FICTITIOUS NAMES, NOW IMPLEADED JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE. DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 11, 1971.
*510 Mr. Herman W. Kapp for plaintiffs (Messrs. Kapp & Finkel, attorneys).
Mr. William L'E Wertheimer for defendants (Messrs. Lum, Biunno & Tompkins, attorneys).
*511 FUSCO, J.S.C.
This is an issue of novel impression. Plaintiffs, husband and wife, bring this action to recover for personal injuries allegedly sustained by her when a bed that was loaned to them by defendant collapsed.
The matter now before the court is a motion by defendant, Furniture Fair to dismiss the complaint, pursuant to R. 4:46. Defendant bases this motion on N.J.S.A. 2A:14-2, which provides for a two-year statute of limitations in actions to recover damages for personal injuries. Plaintiffs, on the other hand, contend that N.J.S.A. 12A:2-725, which provides for a four-year statute of limitations in actions to recover damages for breach of warranty, is applicable to the instant situation.
The facts are not in dispute and can be easily summarized. Defendant was engaged in the retail furniture business, and on July 20, 1965 plaintiffs went to its place of business for the purpose of purchasing a bedroom set. It was not known when the bedroom set plaintiffs had decided upon would be delivered. In order not to lose the sale and also not to part with the showroom display bedroom set, defendant agreed to furnish a temporary bed and dresser to plaintiffs until such time as their chosen bedroom set would arrive.
The temporary bed and dresser were delivered and set up on August 5, 1965. At approximately 10 P.M. that night Mrs. Garfield sat on the foot of the bed to remove her shoes; the straps supporting the spring and mattress buckled and the bed collapsed, resulting in personal injuries to her. Plaintiffs then filed their complaint in this action on August 1, 1969, which is within four years after the alleged occurrence.
The first issue to be resolved by the court is whether the transaction in question was a bailment or a sale. A sale is defined in N.J.S.A. 12A:2-106(1) as "the passing of title from the seller to the buyer for a price." On the other hand, a bailment has been defined by our courts as where an article of personal property is put into the hands of one for a special purpose, and is to be returned by the bailee to *512 the bailor or delivered to some third person when the object of the trust is accomplished. Tompko v. Sharp, 87 N.J.L. 385, 387 (Sup. Ct. 1915), Accord, Gilson v. Pennsylvania R.R. Co., 86 N.J.L. 446 (Sup. Ct. 1914), aff'd 87 N.J.L. 690 (E. & A. 1915).
It is thus apparent that the distinction between a bailment and a sale is two-fold: first, in a sale transaction title to the property in question is in the buyer, whereas in a bailment situation title remains in the bailor and only mere possession passes to the bailee; secondly, in a bailment situation the property in question is to be restored to the owner, whereas in a sale transaction there exists no obligation on the buyer to return the specific article, Bretz v. Diehl, 117 Pa. 589, 11 A. 893 (Sup. Ct. 1888).
Plaintiffs contend that the court cannot fragment the entire transaction into an initial bailment and a resulting sale, but, rather, that the loan of the bed and dresser was an integral part of the sale to which the warranties of N.J.S.A. 12A:2-314 would attach. Plaintiffs have cited no authority for this theory of integration of a bailment into a sale, and the court has likewise found no authority. Plaintiffs correctly state that bailments are contractual in nature, N.Y., L.E. & W.R.R. Co. v. N.J. Elec. Ry. Co., 60 N.J.L. 338 (Sup. Ct. 1897), but the warranty section of the Uniform Commercial Code extends warranties only to contracts of sale, not to contracts of bailment.
It would appear to the court that this theory of integration is untenable. It cannot be disputed that the loan of the bed and dresser was an inducement to the sale of the bedroom set, and in that respect the loan was a part of the sale. However, to hold that the bailment became merged or integrated into the sale so as to extend the contractual warranties of the Uniform Commercial Code, would fly in the face of the definition of "sale" as given in the Code and Tompko v. Sharp, supra, and Gilson v. Pennsylvania R.R. Co., supra, Cf. Nelson v. Fruehauf Trailer Co., 20 N.J. Super. 198 (App. Div., 1952), aff'd 11 N.J. 413 (1953).
*513 It must be additionally noted that there are two exhibits attached to the affidavit of plaintiffs' attorney in opposition to this motion. Exhibit "A" is a copy of the invoice of the transaction in question. It is dated July 20, 1965, but typed in on the bottom is:
Returned on February 11, 1966  to Furniture Fair-Hanover, N.J. one bed, one dresser, and one mirror, in good condition.
Exhibit "B" is a letter of August 4, 1966 from defendant's then attorney to plaintiffs' then attorney. The letter reads in part:
Now that Mr. Garfield has discarded the metal crossbars Mr. Beck states that he's ready to sell them the rest of the bed that was graciously loaned them in the first place. [Emphasis added]
Instead of supporting plaintiffs' contention that the bailment merged into the sale, plaintiffs' exhibits "A" and "B" only support the conclusion that the bailment was separate and distinct from the sale.
Alternatively, if the warranties of N.J.S.A. 12A:2-314 were to apply to the instant situation, the two-year statute of limitations of N.J.S.A. 2A:14-2 would nonetheless govern. The facts of Raskin v. Shulton, Inc., 92 N.J. Super. 315 (App. Div. 1966), are essentially identical to the facts at bar. There the court held that the two-year statute of limitations for personal injuries applied when such injuries arose from a breach of warranty. However, the court's decision was made in the light of N.J.S.A. 2A:14-1 (the six-year statute of limitations in contract actions) because the transaction occurred prior to the effective date of the Uniform Commercial Code, which did not apply to the situation, N.J.S.A. 12A:2-725(4). N.J.S.A. 12A:2-725 and the comments thereunder add nothing to N.J.S.A. 2A:14-1 that would warrant a result different from that in Raskin. This represents the better reasoned point of view. An action to recover damages for personal injuries is essentially *514 a personal injury action, and no other denomination of it can change this inherent character of it.
On the grounds that this is a bailment situation to which N.J.S.A. 2A:14-2 applies, or, alternatively, that N.J.S.A. 2A:14-2 applies even if this were considered a breach of warranty situation, defendant's motion to dismiss the complaint on the grounds that plaintiffs' suit is barred by the two-year statute of limitations is granted.