GEORGE F. MUELLER & SONS, INC., Plaintiff-Appellant, *v.* NORTHERN ILLINOS GAS COMPANY, Defendant-Appellee.

(No. 55934;

First District (5th Division)—March 23, 1973.

*Modified upon denial of rehearing July 20, 1973.*

J. Edward Jones, of Blue Island, for appellant.

Joseph J. Jares, Jr., of Chicago, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court as modified upon denial of petition for rehearing:

Plaintiff appeals from a judgment of the circuit court in favor of defendant.

The facts are summarized. On November 17, 1969, plaintiff's authorized agent, L. H. Smith, signed a contract on behalf of plaintiff to install, service and maintain vending machines on the premises of defendant. An employee of defendant, Kenneth Schmitz, signed the contract in his own name under the heading "(Individual) Proprietor." The space for signing as "(Corporation) Proprietor" was left blank. L. H. Smith wrote "Northern Illinois Gas Co." on the blank entitled "Trade Name." Plaintiff installed the machines and served the defendant at three of its locations from December, 1969 to March, 1970.

On April 8, 1970, A. J. Morphey, division personnel director of defendant, sent a letter to plaintiff, complaining of plaintiff's failure to properly service the machines, to provide certain new machines, and to maintain the machines in sanitary condition. Morphey then requested plaintiff to remove the machines from defendant's premises. On April 9, 1970, a letter sent by plaintiff's attorney to Morphey maintained that either each situation complained of did not occur or was not the fault of plaintiff. The letter expressed plaintiff's intent to continue to perform the contract. Also on April 9, in a separate envelope, pursuant to the contract, a check for $260.42 payable to defendant for commissions and a statement of the account were sent to defendant.

Plaintiff alleged in its complaint that defendant breached the contract by refusing to permit the installation, servicing and maintenance of machines tendered for installation or already installed. In lieu of an answer, on June 18, 1970, defendant filed a motion to dismiss the complaint on grounds of legal insufficiency. The motion alleged that the contract is not binding on defendant since signed by an individual proprietor, Kenneth Schmitz; that the alleged contract limits the relief which may be sought; that. plaintiff's sole remedy is in chancery; that since plaintiff drafted the contract, it should be construed against it; that the parties to the contract lacked written authorization; and that Leland Smith lacks power to bring the suit in the name of plaintiff. On July 8, 1970, the court dismissed the complaint on the grounds that the alleged contract was not signed or executed by the corporate defendant. On August 6, 1970, pursuant to plaintiff's motion, the court vacated its order to dismiss.

On September 29, 1970, defendant filed its answer to the complaint denying plaintiff's allegations in Count I and alleging as to Count II that defendant did not make or deliver the instrument, that the instrument lacks mutuality, and that the instrument limits the remedy to an action in chancery. Following a hearing on the merits, defendant filed an amended answer on January 25, 1971, in which it further alleged that the contract is not enforceable, failing to comply with the Statute of Frauds; that in the event of a finding of ratification, plaintiff substantially breached the contract; and, that, in any event, ratification was only partial.

On February 11, 1971, the court ruled in favor of defendant, finding that:

(1) Kenneth Schmitz did not have express or implied authority to enter into a contract on behalf of defendant.

(2) The Statute of Frauds applies.

(3) The amount in controversy exceeds $500, and the term sued upon exceeds one year.

(4) The instrument is not signed by defendant.

(5) The contract is invalid in respect to defendant.

Plaintiff appeals from this ruling, the following issues arising: if no authority existed, whether defendant ratified the contract so as to become bound by its terms, and even if defendant would otherwise be bound to the contract, whether the Statute of Frauds renders the contract unenforceable.

*OPINION*

We need not consider defendant's contention that its employee who

signed the contract lacked the proper authority at the time of signing to bind defendant corporation. Instead, we hold that corporate defendant, having ratified the contract, is bound by its terms.

■■ Ratification need not be express; it may be implied from the conduct of the parties. (*American Car & Foundry Co. v. Industrial Com.* (1929), 335 Ill. 322, 329, 167 N.E. 80, 83; *Campbell v. Millar* (1899), 84 Ill.App. 208, 217; *Magid v. Drexel Nat. Bank* (1947), 330 Ill.App. 486, 492, 71 N.E.2d 898, 900.) Illinois cases are clear that retaining the benefits is tantamount to ratification. (*Williamson v. McCann & Co., Inc.* (1954), 2 Ill.App.2d 42, 118 N.E.2d 42; *Wing v. Lederer* (1966), 77 Ill.App.2d 413, 418, 222 N.E.2d 535, 538; *Ault v. Associates Discount Corp.* (1963), 43 Ill.App.2d 409, 414, 193 N.E.2d 226, 228; *Buford v. Chief, Park District Police* (1960), 18 Ill.2d 265, 270, 164 N.E.2d 57, 60.) In *Karetzkis v. Cosmopolitan National Bank* (1962), 37 Ill.App.2d 484, 490-91, 186 N.E.2d 72, 75, this court stated:

> "* * * ratification may be found to have taken place when the principal, with knowledge of the material facts of the unauthorized transaction, takes a position inconsistent with nonaffirmation of the transaction. An example of such ratification is for the principal to seek or retain the benefits of the transaction."

The conduct of defendant in the case at bar clearly indicates a ratification of the contract entered into by Schmitz. With full knowledge of the material facts, defendant certainly acted consistently with the belief that a binding contract existed. Defendant, without objecting until the April 8, 1970 letter, retained the following benefits of the contract: the use of the vending machines by the employees and the servicing (however poorly conducted) of the machines by plaintiff. The letter sent by Mr. Morphey to plaintiff is further evidence of ratification. Recognizing that plaintiff owes defendant a duty under the contract to service the machines, the letter implicitly recognizes that defendant is a party to the contract. Thus, defendant will not be heard to deny the authority of its agent, Schmitz. Defendant is bound by the contract to the same extent it would have been, had Schmitz possessed proper authority.

■■ Defendant next contends that the contract is unenforceable, the parties failing to comply with the Statute of Frauds. The law is clear that "the same formality is required for ratification as for original authorization." (F. Mechem, *Law of Agency* (4th Ed. 1952) sec. 205.) It follows that where a writing is expressly required by a Statute of Frauds, a writing is also essential to effect a valid ratification. See *Wyman v. Utech* (1950), 256 Wis. 234, 42 N.W.2d 603.

While defendant argues that either the Uniform Commercial Code

provision (Ill. Rev. Stat. 1969, ch. 26, sec. 2—201(1)[1]), or the more general provision (Ill. Rev. Stat. 1969, ch. 59, sec. 1), is applicable, we hold that neither statute prevents plaintiff from enforcing the contract.

■ A "sale" under the U.C.C. is defined in Ill. Rev. Stat. 1969, ch. 26, sec. 2—106(1): "A 'sale' consists in the *passing of title* from the seller to the buyer for a price." (Emphasis added.) The contract in the case does not effect a passing of title. Thus, on its face, section 2—106(1) is inapplicable. The case law also clearly indicates the inapplicability of this provision. In *Garfield v. Furniture Fair-Hanover* (1971), 113 N.J. Super. 509, 512, 274 A.2d 325, 326, the court discussed the issue of whether a transaction constituted a sale under the U.C.C. or a bailment:

> "* * * first, in a sale transaction title to the property in question is in the buyer * * * in a sale transaction there exists no obligation on the buyer to return the specific article."

Here there is no sale and title to the machines will never pass to the defendant; the defendant has an obligation to return the machines; and the merchandise in the machines is not sold to defendant but to its employees. Therefore, under the *Garfield* standard, the contract does not qualify as a sale under the U.C.C. Defendant cites no cases in urging that the U.C.C. Statute of Frauds provision (Ill. Rev. Stat. 1969, ch. 26, sec. 2—201(1)), is applicable. We find that the contract in question is not a sale, and the U.C.C. does not apply here.

■■■ Defendant argues in the alternative that Ill. Rev. Stat. 1969, ch. 59, sec. 1,[2] renders the contract unenforceable. The test in applying this provision of the Statute of Frauds is articulated in *Mutual Life Insurance Co. of New York v. Ritsher* (1915), 196 Ill.App.27, 31:

> "However, the test to determine whether such agreement comes within the statute is not whether it was performed within a year, but whether, when the agreement was made, it *could have been performed* within a year; and if so, it does *not* come within the statute." (Emphasis added.)

This test has been uniformly applied by Illinois courts. Defendant argues

---

[1] Section 2—201(1) reads:
"* * * a contract for the *sale* of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing * * *." (Emphasis added.)

[2] Section 1 reads:
"No action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing * * *."

in its brief that obviously the contract cannot be completed within one year since the document expressly provides for a three-year period of performance. Defendant overlooks the contract provision that the "Vendor shall have the right to terminate this contract at any time sales of cigarettes within said premises are less than 120 packs per week." Once the sales fall below the minimum level, plaintiff has a right to terminate. We hold, therefore, under the *Ritsher* test, that since the contract could have been performed within one year, the Statute of Frauds is inapplicable. *Mead v. Chicago & Northwestern Ry. Co.* (1914), 189 Ill.App. 323, further supports our finding. That case held that a contract that could be terminated by the parties is not within the Statute of Frauds, since it could have been performed within one year. In conclusion, the contract in question is not within the Statute of Frauds.

■■ Defendant's third contention is that even if a binding and enforceable contract exists, plaintiff should not be permitted to recover for failure to adequately perform all of the conditions of the contract. In view of the rather unusual form of the judgment order appealed from, it is impossible for this court to determine whether or not the trial court gave consideration to that point even though it was raised by the pleadings. Omitting the prefatory portion of the judgment, it reads that the court "FINDS:

1. Under the evidence adduced, witness Kenneth Schmitz did not have the authority of NORTHERN ILLINOIS GAS COMPANY, either implied or express, to enter into a contract on behalf of said defendant.

2. Under the evidence adduced and the matters in issue, the Statutes [*sic*] of Frauds is applicable to this case.

3. Under the evidence adduced the amount in controversy exceeds the sum of $500, and the term sued upon exceeds one year.

4. The instrument sued upon is not signed by the defendant.

5. This contract sued upon is invalid and void insofar as Defendant, NORTHERN ILLINOIS GAS COMPANY, is concerned.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Judgment be and hereby is entered in favor of Defendant, NORTHERN ILLINOIS GAS COMPANY, and against Plaintiff, GEORGE F. MUELLER & SONS, INC., and that plaintiff go hence without day."

We note that by use of the word "THEREFORE" at the beginning of the last quoted paragraph, the court was specifically referring to its findings numbered 1. through 5. In view of this reference, and since those five findings would have been sufficient to support the judgment,

we cannot presume that the court ever reached a determination of the issue of whether plaintiff had adequately performed its contract obligations. Nor is there any indication that the court considered the question of damages.

Therefore, the judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

DRUCKER, P. J., and ENGLISH, J., concur.