**In the Matter of RAY SLATTERY, INC., a New Jersey corporation, d/b/a R & S Electrical Contracting Co., Debtor.**

**CITY OF PATERSON, a municipal corporation, Plaintiff,**

**v.**

**R & S ELECTRICAL CONTRACTING CO., Debtor, and David P. Michaels, Trustee, Defendants.**

**Bankruptcy No. 83–0776.**

United States Bankruptcy Court, D. New Jersey.

April 1, 1985.

Steven R. Klein, Cole, Schotz, Bernstein, Meisel & Forman, Rochelle Park, N.J., for debtor.

John Kieley, appearing for Ralph DeLuccia, Jr., Corporation Counsel, Paterson, N.J., for City of Paterson.

OPINION and ORDER

D. JOSEPH DeVITO, Judge.

The City of Paterson (Paterson) seeks the order of this Court determining it to be the rightful owner of certain electrical supplies presently in its possession. Following are the underlying facts giving rise to this issue.

Sometime in 1982, Paterson contracted with MLL Construction, a general contractor, to construct a traffic operations center in the city of Paterson. MLL, in turn, contracted with the debtor for the required electrical work. Because of unspecified difficulties, progress payments were made to the general contractor and the subcontractor via two-party checks. As a prerequisite to payment, the debtor was required to submit documentation to the architect relating to work completed and "stored materials". Upon the architect's approval, payment would be made by Paterson. "Stored materials" were identified as materials purchased by the contractor for use during the next stage of construction. Because of security considerations at the job site, electrical supplies so classified were stored at the debtor's place of business.

Paterson's architect testified that it was understood that the stored materials at issue were purchased for use in the project. In compliance with the payment procedure noted above, the architect approved payment to the debtor, permitting reimbursement to the debtor for the purchase of the electrical supplies. Indeed, officers of the debtor frequently transmitted notarized letters to Paterson documenting the purchase of electrical equipment to be used in the traffic operations center.

It appears further, upon the testimony of the president of R & S, that the equipment in question was not part of his standard inventory, but was, in fact, supplies purchased to conform with the specifications of the project. Shipping invoices from the debtor's wholesale suppliers indicated that the items in question were earmarked for the Paterson traffic center job.

It appears clear from all of the foregoing that the goods at issue, paid for by funds obtained from Paterson pursuant to the construction contract, are property of the city.

What we have here is a bailment between the City of Paterson, as bailor, and the debtor as bailee. In New Jersey, bailments may be express or implied in fact. *Cerreta v. Kinney Corp.*, 50 N.J.Super. 514, 517, 142 A.2d 917 (1958). A bailment is created when an article of personalty is put into the hands of one for a special purpose, *Tomko v. Sharp*, 87 N.J.L. 385, 387, 94 A. 793 (1915), with the bailee duty-bound to account for the thing bailed as property of the bailor. *Zuppa v. Hertz Corp.*, 111 N.J.Super. 419, 423, 268 A.2d 364 (1970).

Having found the existence of a proper bailment pursuant to the law of the forum state, and having recognized the attributes of ownership as residing in Paterson, this Court finds that the electrical equipment at issue is property of the City of Paterson, and not a part of the debtor's estate.

It is so ordered.