**Charles E. Corcoran and Leon R. Ploche, Appellants, v. Harry Witz et al., Appellees.**

**Gen. No. 33,249.**

Opinion filed April 22, 1929.

GUSTAV E. BEERLY, for appellants.

KAMPFER, HORWITZ, HALLIGAN & DANIELS, for appellees; MAX DANIELS, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal complainants seek to reverse an order of the circuit court of Cook county making distribution of rents collected by a receiver appointed in a foreclosure proceeding.

The record discloses that complainants filed their bill to foreclose a mortgage on real estate given to secure an indebtedness to a building and loan association, which mortgage and the bond evidencing the indebtedness were owned by complainants. The bill of foreclosure was filed February 14, 1924, and six days thereafter, on motion of complainants, a receiver was appointed who took possession of the premises. This receiver continued to act until July 17, 1925, at which time another receiver was appointed and he continued to act until May 26, 1928. It further appears that the latter receiver had in his hands $1,348.40, being the proceeds of rents collected by him from the property covered by the mortgage. May 26, 1928, on motion of the solicitor for complainants, due notice having been given to all parties, it was ordered that the suit be dismissed at complainants' costs, and it was further ordered that the receiver file his final account within twenty days. The court retained jurisdiction for the purpose of settling the receiver's account.

The receiver filed his account and a decree or order was entered approving it. From the order of approval it appears the court directed the receiver to retain for himself, in payment of his services, $473, to pay his solicitor $150, and to turn over the balance of $725.40 remaining in his hands to Witz, the defendant, the

owner of the equity. It is from this order or decree that complainants appeal.

The trust deed, by virtue of which complainants seem to base their claim for the moneys in question, provided that upon filing a bill to foreclose the trust deed the court might appoint a receiver with power to collect the rents. And in complainants' petition filed, in which they claimed the rents in the hands of the receiver, they alleged that they had a valid and first lien upon the rents in the hands of the receiver because the mortgage provided that it should be lawful for the mortgagee, its successors or assigns, in case of default to enter into and take possession of the premises and to collect and receive all rents, issues and profits thereof.

Since complainants, on their own motion, had the bill of foreclosure dismissed at their costs, this established the fact that complainants have no right to the rents. The owner of the mortgaged premises was entitled to the rents unless, upon a bill filed on account of some default, a receiver was appointed who might collect and hold the rents and pay them to complainants in case there was a deficiency; but in case there were no deficiency, the rents belong to the owners of the equity. *Davis v. Dale,* 150 Ill. 239. But as was said in that case, no cross-errors have been assigned and no complaint is made that the receiver and his solicitor were paid out of the rents collected by the receiver. Of course where a receiver is wrongfully appointed, all costs incurred must be paid by the party who induced the court to make such appointment, but as stated, no question was raised in the trial court or in this court on that point. Complainants having no claim to the rents in the hands of the receiver, the order appealed from is affirmed.

*Affirmed.*

McSurely and Matchett, JJ., concur.