KENO AND SONS CONSTRUCTION COMPANY, Plaintiff-Appellee and Cross-Appellant, v. La SALLE NATIONAL BANK, as Trustee, *et al.*, Defendants (Epernay Properties, Inc., *et al.*, Defendants-Appellants and Cross-Appellees; James Friedman, Intervening Defendant and Counterplaintiff-Appellee; Clyde W. Engle, Counterdefendant-Appellant).

Second District   Nos. 2—90—0539, 2—90—0568 cons.

Opinion filed May 22, 1991.—Rehearing denied July 16, 1991.

REINHARD, P.J., dissenting.

Dardick & Denlow, Richard C. Jones, Jr., and Michael D. Richman, all of Chicago (Morton Denlow, of counsel), for appellants Epernay Properties, Inc., and Clyde W. Engle.

Paul G. O'Toole, of Bischoff, Maurides & Swabowski, Ltd., of Chicago (Thomas J. Swabowski, of counsel), for appellant James Friedman.

Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, and Michael J. Hossack, of Brydges, Riseborough, Morris, Franke & Miller, of Chicago (Thomas A. Morris, Jr., of counsel), for appellee Keno and Sons Construction Company.

JUSTICE McLAREN delivered the opinion of the court:

Defendants, Epernay Properties, Inc. (Epernay) and Clyde W. Engle (Engle), appeal from the judgment of the trial court of Lake County, which foreclosed a mechanic's lien in favor of plaintiff, Keno and Sons Construction Company (Keno), found Epernay in breach of

its contract with Keno, and held Engle personally liable for the judgment against Epernay. Keno appeals from the same judgment, contesting the interest rate applicable to its award. In the consolidated case, defendant, La Salle National Bank (La Salle), appeals from the same judgment of foreclosure and sale raising many of the same issues raised by Epernay and Engle. We reverse.

The center of the controversy in this case was work done by Keno to stabilize a bluff and prevent further erosion on property known as Armour House. The property was owned in trust by La Salle. Engle was the 100% beneficial owner of the land trust from 1979 until 1984, when he sold it to James Friedman. Engle is also the sole shareholder and director of Epernay, a land development company. Engle retained Epernay to restore Armour House, which had deteriorated over the years, and to hire a contractor to control erosion of the bluff upon which Armour House was located. Epernay's general manager, Frederick Weir, chose Keno to perform the bluff restoration and erosion control in 1983. No written contract existed, although Keno submitted a written proposal for the job with a price of $70,500 and a 25% contingency, for a total ceiling of $88,000. Work began in June 1983 and continued, with delays for winter weather and lack of payment by Epernay, until November 12, 1984. In October 1984, Keno presented Epernay with a bill for the work, which totaled $163,205. When payment was not forthcoming, Keno recorded a mechanic's lien for $89,897.97, the portion of Epernay's bill Keno claimed remained outstanding.

In October 1985, Keno filed a complaint seeking foreclosure of its mechanic's lien and damages for breach of contract. Friedman, who had purchased Engle's interest in Armour House during the period of restoration, was granted leave to intervene and filed a counterclaim against Engle based on indemnification in the event Keno did foreclose its lien. Keno later amended its complaint to seek foreclosure by alleging that it had an oral agreement with Epernay on a "time and materials" basis and that Epernay still owed $89,897 on that bill. The complaint also sought recovery from both Epernay and Engle on various breach of contract and other theories.

Following a bench trial, the court found an oral agreement between Keno and Epernay but found that the agreement was a fixed-price contract, *not* a "time and material" contract. The court also found Keno was entitled to $76,436.72 from Epernay. The court pierced Epernay's "corporate veil" and held Engle liable for the judgment against Epernay. Finally, the court found in favor of Friedman

on his counterclaim for indemnification against Engle. These appeals followed.

We first address the amount of the award for extras awarded to Keno. The court found "no set price for the extras" but did find an implied agreement to use a "reasonable price." The court announced a total reasonable cost of the job different from that sought by Keno, then deducted amounts for a disallowed extra, disallowed interest and amounts already paid, to arrive at its final award. Defendants contend that the amount of the award is against the manifest weight of the evidence. We agree.

The burden rests on the party seeking recovery to establish not only that he sustained damages but also a reasonable basis for computation of those damages. (*Finance America Commercial Corp. v. Econo Coach, Inc.* (1983), 118 Ill. App. 3d 385, 390.) Speculation and conjecture are not proper bases for the award of damages. (*Finance America*, 118 Ill. App. 3d at 390.) If a party proves his right to damages but fails to provide a proper basis for computing those damages, only nominal damages can be recovered. *Rosos Litho Supply Corp. v. Hansen* (1984), 123 Ill. App. 3d 290, 300.

In the case before us, Keno has failed to establish both its right to damages and a proper basis for damage computation. The court specifically found that the oral agreement between Keno and Epernay was *not* on a time and material basis; however, all of Keno's billings *were* on a time and material basis. Keno failed to provide any evidence on the breakdown of these billings to show how much of the amount billed was for extras and how much could be attributed to work performed pursuant to the fixed-price contract. The trial court may not conclude that all charges above the amount contained in the contract are charges for extras without supporting evidence. The burden lay with Keno to prove the existence and extent of its alleged damages; all it proved was the amount of the bills it sent to Epernay. Proof of a bill for a particular amount, without more, is not evidence of the value of services rendered or materials furnished. (*Wing v. Lederer* (1966), 77 Ill. App. 2d 413, 420.) Without any detailed breakdown of costs, there is no way to determine the extent, if any, of recovery to which Keno is entitled. The court found a contract under a theory *not* pleaded by Keno. "Proof without pleadings is as defective as pleadings without proof." (*Greene v. Rogers* (1986), 147 Ill. App. 3d 1009, 1021; *Department of Transportation v. Rasmussen* (1982), 108 Ill. App. 3d 615, 626.) Keno did not move to amend its complaint to include an allegation of breach of a fixed-price contract, nor did it move to reopen the proofs. Keno has already had its opportunity to

plead and prove a contract and the damages to which it felt entitled; we will not grant it another opportunity. Therefore, the trial court's award of damages to Keno was against the manifest weight of the evidence and must be reversed.

Even if Keno had proved the reasonable cost of the claimed extras, the court's award still would have warranted reversal and remandment for a new trial.

The court's award was determined as follows:

| | |
|---|---|
| "Reasonable cost" of work | $ 169,171.07 |
| Amount already paid | (82,977.94) |
| Interest improperly charged and collected | (455.93) |
| Disallowed extra | (9,300.48) |
| Amount due | $ 76,436.72 |

Nowhere does the court explain how it arrived at its figure for reasonable cost of work performed. The only other place the figure of $169,171.07 appears is in a footnote in a letter prepared on behalf of Keno two years after litigation commenced. That figure is, in turn, based on an attached schedule which was never introduced into evidence. Thus, the court began its calculations based on figures not in evidence and arrived at a figure not supported by the evidence. This calculation does not withstand scrutiny.

Because of our disposition of the above, we need not address the other issues raised. The judgment of the circuit court of Lake County is reversed.

Reversed.

BOWMAN, J., concurs.

PRESIDING JUSTICE REINHARD, dissenting:

I disagree with the majority's outright reversal of the judgment in favor of plaintiff.

The intent of parties to an oral contract is a question to be determined by the trier of fact, and a reviewing court will not set aside such a finding unless it is contrary to the manifest weight of the evidence. (*Ceres Illinois, Inc. v. Illinois Scrap Processing, Inc.* (1986), 114 Ill. 2d 133, 141.) Here, although plaintiff's theory was that it had a time and materials contract, I agree with the majority that the trial court's finding of an oral contract for a fixed price, with extras to be reimbursed separately, is not against the manifest weight of the evidence.

While the majority correctly concludes that there was insufficient evidence to award damages for unpaid extras in the context of a fixed-price contract, this deficiency is hardly surprising. Plaintiff's theory below was not based on a fixed-price contract, but a time and materials contract. Under plaintiff's theory, there were no "extras" because the *entire* bill was to be computed on a time and materials basis. Where, as here, the trial court improperly assessed contract damages and the record does not allow the reviewing court to make the proper assessment, it is appropriate to remand the cause for a new trial on damages. (*W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.* (1986), 115 Ill. 2d 119, 128.) The majority's suggestion that plaintiff should have amended its pleadings to conform to the proofs is of no assistance where it is the proofs, not the pleadings, which are lacking. Similarly, while the majority suggests that plaintiff should have moved to reopen the proofs, this could hardly be expected of the party who prevailed at trial on both liability and damages.

Because it would be inappropriate to fault plaintiff for failing to segregate its evidence according to a theory which it did not promote, I believe the proper course is to affirm in part and reverse and remand in part for a new trial on damages. While my approach would also necessitate resolution of several other issues raised herein, inasmuch as the majority's disposition does not address them, I do not do so.