QUENTIN H. CASTRICONE *et al.*, Plaintiffs-Appellees, v. FRANK MI-
CHAUD, Defendant-Appellant.

Third District   No. 3—91—0278

Opinion filed December 18, 1991.

Brian S. Nelson, of Katz, McAndrews, Balch, Lefstein & Fieweger, P.C., of Rock Island (Stuart R. Lefstein, of counsel), for appellant.

Anderson & Nelson, of Rock Island (Jack L. Brooks, of counsel), for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Frank Michaud, appeals from a judgment entered in favor of the plaintiffs, Quentin H. Castricone and Marcia A. Castricone. The only issue presented is whether the trial court properly calculated the amount of the plaintiffs' damages. We agree the trial court erred, and modify the judgment.

The defendant, a building contractor, entered into a contract to build a single-family home for the plaintiffs. Under the contract the plaintiffs were to pay the defendant a total of $89,000. As construction proceeded, disputes arose over the quality of the workmanship and the specifications of the contract. The defendant ceased working on the project in October of 1987. The plaintiffs brought a complaint contending, *inter alia*, that the defendant breached the contract. The defendant counterclaimed for the unpaid balance on the contract.

At trial, it was shown the plaintiffs expended $27,407.88 to finish the home, and to repair and replace defective construction. The trial court stated it had never seen such poor workmanship and found the defendant had breached the contract. The court held there was not substantial performance of the contract on the part of the defendant. The court therefore denied the defendant's counterclaim and held in favor of the plaintiffs.

The trial court next addressed the issue of the measure of the plaintiffs' damages. The court noted the general rule that the measure of damages is the difference between the total cost of completing the building less the contract price. However, citing *W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.* (1986), 115 Ill. 2d 119, 503 N.E.2d 233, the trial court held this measure of damages did not apply in cases where there was not substantial performance. The parties had agreed that the plaintiffs paid the defendant a total of $76,400. The trial court found this sum sufficient to compensate the defendant for the work he had done. Therefore, the trial court awarded the plaintiffs the entire cost incurred in completing and repairing the house, $27,407.88, plus costs in the amount of $1,872.99.

On appeal, the defendant contends the trial court erred in not offsetting the damage award by the amount remaining unpaid on the contract. The plaintiffs maintain the general rule of damages does not apply where the defendant has failed to substantially perform the contract.

■■ As a general rule, damages for breach of contract should place an aggrieved party in the position they would have been in had the contract been performed. (*Kalal v. Goldblatt Brothers, Inc.* (1977), 53 Ill. App. 3d 109, 368 N.E.2d 671.) In *Ross v. Danter Associates, Inc.* (1968), 102 Ill. App. 2d 354, 370, 242 N.E.2d 330, this court stated the measure of damages in this type of case is the "difference between the cost of constructing, by contract, the building the contractor agreed to put up, and the fair cost market price of erecting such building."

In *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 356 N.E.2d 565, the court stated:

> "As a general rule, the measure of damages, or the credit due the purchaser, when performance by the builder has been less than full performance, is the cost of correcting the defects or completing the omission, rather than the difference in value between what ought to have been done in full performance and what was actually done. But this general rule only applies where the correction or completion would not involve unreasonable destruction of the work done by the contractor and the cost thereof would not be grossly disproportionate to the results obtained. If to repair the defects or omissions would require a substantial tearing down and rebuilding of the structure, the measure of damages is the difference in value between the work if it had been performed according to the contract and that which was actually performed." *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 674, 356 N.E.2d 564, 570.

■ Thus, where there has been less than full performance the general measure of damages is the cost of repairing the defects and/or completing the project. However, in cases where the repairs would entail substantial tearing down of the contractor's work and/ or the costs are disproportionate to the contract price, the measure of damages is determined by the diminution in the value of the property resulting from the defects. See *Park v. Sohn* (1982), 89 Ill. 2d 453, 433 N.E.2d 651; *Mayfield v. Swafford* (1982), 106 Ill. App. 3d 610, 435 N.E.2d 953; *Witty v. C. Casey Homes, Inc.* (1981), 102 Ill. App. 3d 619, 430 N.E.2d 191.

Recently in *Wells v. Minor* (1991), 219 Ill. App. 3d 32, 578 N.E.2d 1337, the fourth district held that the contract price limitation rule applied to damages measured by the cost of completion/repairs, and diminution of value.

■ In the instant case, we find under the general rule the total cost of completing the home must be netted against the original contract price. The plaintiffs contracted for an $89,000 home. The measure of their damages is the amount in excess of $89,000 which they incurred in completing the home.

The trial court found the contract price limitation rule applied only if there was substantial performance on the part of the builder. We find the trial court's reliance on *W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.* (1986), 115 Ill. 2d 119, 503 N.E.2d 233, to support its reasoning to be misplaced.

In *Erickson*, the contractor brought an action to recover monies due under a construction contract. One of the issues before the supreme court was whether the plaintiff had substantially performed under the terms of the contract. The court stated that a purchaser who receives substantial performance of a building contract must pay the price bargained for, less an offset for defects in what he received as compared to what strict performance would have given him. Since the plaintiff had substantially performed, he had a right to the contract price less the cost of any defects. The defendant had paid $150,000. The supreme court found that the record was unclear as to the total amount due under the contract and remanded for further proceedings.

*Erickson* involved the question of the contractor's right to recover monies due under the contract. If the contractor substantially performed, it had a right to recover the full amount due, less an offset for defects. Had the contractor failed to render substantial performance, its recovery would have been limited to reasonable compensation for value received by the purchaser. (See *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 356 N.E.2d 565.) In *Erickson* the issue of the purchaser's damages was not addressed. The builder's right to recover monies due under the contract is separate from the issue of the purchaser's measure of damages. In the instant case the trial court confused these two issues.

Here, the trial court found that the defendant had failed to substantially perform under the contract, and that the $76,400 he had received adequately compensated him for the work he rendered. The defendant's level of performance, however, only relates to the plaintiffs' measure of damages, *vis-a-vis* whether the damages should be calculated by cost of completion/repairs or diminution of value. *Wells v. Minor* (1991), 219 Ill. App. 3d 32, 578 N.E.2d 1337, holds and we agree that the contract price limitation rule applies to

cases in which the purchaser's damages are measured using the cost of completion/repairs standard.

On appeal, the plaintiffs argue along the same lines as the reasoning of the trial court, that since the trial court found there was not substantial performance of the contract, the defendant may not recover for amounts due under the contract. Again, the plaintiffs' argument confuses the issue of proper compensation for the defendant's work with the measure of their damages. They point to the fact that the trial court found the $76,400 paid to the defendant sufficiently compensated him for the work he had performed. However, as stated above, this issue is not determinative of the application of the contract price limitation rule. Measuring the plaintiffs' damages as the difference between the cost of completing/repairing the house and the contract price will not result in further compensation to the defendant. He will still receive only $76,400. They in turn will receive an $89,000 home for $89,000.

In the instant case, despite the finding that the defendant had failed to substantially perform, the plaintiffs' damages were calculated using evidence of the cost of completion and repairs. The plaintiffs' recovery is limited to the amount they expended in completing and repairing their home which exceeded the contract price of $89,000. The plaintiffs expended a total of $103,807.88 for their home ($76,400 paid to defendant and $27,407.88 in repair and completion costs). Therefore, the plaintiffs were damaged by the defendant's breach to the extent of $14,807.88. There is no challenge to the award of costs in the amount of $1,872.99.

For the forgoing reasons, under the authority of Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we modify the judgment of the circuit court of Rock Island County to reduce the amount of the judgment to $16,680.87. In all other respects the judgment is affirmed.

Affirmed as modified.

GORMAN and McCUSKEY, JJ., concur.