ANNIE L. SCHULTZ, Plaintiff-Appellant, v. DENNIS SCHULTZ *et al.*, Defendants-Appellees (State Farm Insurance *et al.*, Defendants).

Second District   No. 2—97—0909

Opinion filed June 4, 1998.

Amy L. Silvestri and Faye M. Granneman, both of Granneman & Silvestri, of Rockford, for appellant.

John J. Holevas and Brendan A. Maher, both of Williams & McCarthy, of Rockford, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, Annie L. Schultz, filed a complaint against the defendants, State Farm Insurance (through its agent Jim Truninger) and the children of the plaintiff's deceased husband Ernest J. Schultz (Ernest), for declaratory and equitable relief seeking a court order granting Annie the proceeds from Ernest's life insurance policy. After a bench trial, the court ruled in the defendants' favor. We affirm.

On September 3, 1966, the plaintiff and Ernest married. Each had children from previous marriages. Ernest's five children, Dennis Schultz, Ernest "John" Schultz, Larry Schultz, LaVonne Hicks, and Cheryl Navickis, are the defendants and appellees in this case.

In November 1982, Annie and Ernest executed and placed into effect the "Ernest J. and Annie L. Schultz Living Trust." In May 1993, State Farm Insurance Company, through its agent James L. Truninger, issued Annie and Ernest separate universal life insurance policies. Each policy required a single premium payment of $50,000. Annie and Ernest paid the premiums with a single certified check in the amount of $100,000. Ernest's policy had an initial face value of $81,000 and the plaintiff's policy had an initial face value of $100,000. The initial designated beneficiary for Ernest's policy was "Annie L. Schultz of Rockford, Illinois, as Trustee or her successor or successors in trust, under the Ernest J. Schultz Living Trust, dated November 24, 1982." The initial designated beneficiary for the plaintiff's policy was "Ernest J. Schultz of Rockford, Illinois, as Trustee or his successor or successors in trust, under the Annie L. Schultz Living Trust, dated November 24, 1982." The policies stated that an insured may change the beneficiary of the policy "while the Insured is alive by sending [State Farm] a request."

In 1993, Ernest was diagnosed with cancer of the esophagus and lungs. On August 12, 1994, Ernest executed a change of beneficiary form that changed the beneficiary under his life insurance policy from the trust to Ernest's children. In October 1994, Ernest moved out of the marital home and moved in with his daughter, Cheryl. On October 18, 1994, Ernest filed a petition for dissolution of marriage. The plaintiff learned of the petition the same day it was filed and changed the beneficiary of her life insurance policy to her children. In addition, at trial the plaintiff gave conflicting testimony regarding when she discovered that Ernest changed his beneficiary. At one point during the plaintiff's testimony she stated that she learned of the change on October 18, 1994. However, the plaintiff also testified that she did not learn of the change until later.

On December 4, 1994, Ernest died. Five days later, the plaintiff filed a complaint seeking equitable and declaratory relief requesting

that the court award her the proceeds of Ernest's life insurance policy. The plaintiff amended her petition twice, and the case went to trial on her third amended petition for declaratory and equitable relief.

The plaintiff's third amended petition alleged in pertinent part that (1) Ernest's change of beneficiary designation was void as against public policy and violated the automatic stay provision of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/501.1 (West 1994)); (2) "it was unclear whether or not [Ernest] understood what he was doing" when he changed the beneficiary designation; (3) the "life insurance policies were used to protect and secure the welfare of the surviving party upon the death of the other"; (4) "marital funds were used to purchase [Ernest's] life insurance policy"; (5) the plaintiff "would suffer irreparable harm and injury if she did not receive [the] funds"; and (6) Ernest "was under the undue influence, domination and control of his children, which deprived him of the freedom of will" when he changed his beneficiary designation. In the prayer for relief, the plaintiff sought a declaration that the change in beneficiary designation was void as against public policy and violative of the automatic stay provision of the Marriage Act, a declaration in law and equity that the plaintiff is the rightful recipient of the proceeds of the State Farm life insurance policy, and "such other and further relief as the court may deem necessary." The complaint also sought the same declaration regarding a life insurance policy issued by Keystone Consolidated Industries through Ernest's employer. Because the plaintiff failed to present any evidence at trial regarding this policy, the trial court granted the defendants' motion for a directed finding regarding this issue.

At the close of the plaintiff's case, the defendants moved for a directed finding. At this point the words "constructive trust" were first mentioned in a case cited by the plaintiff's attorney. After the defendants rested, the trial court asked the parties to address the constructive trust issue during closing arguments. After hearing closing arguments, the trial court found that the allegation regarding undue influence was without merit. After reviewing the parties' briefs, the trial court found that Ernest did not violate the automatic stay provision pursuant to section 501.1 of the Marriage Act (750 ILCS 5/501.1 (West 1994)). The trial court stated that it had not come to a decision regarding the constructive trust issue. Then, in a memorandum of decision, the trial court ruled that "there had been no unjust enrichment requiring the Court to impose a constructive trust." During the hearing on the plaintiff's motion to reconsider, the trial court noted that it doubted whether the constructive trust issue was sufficiently raised by the pleadings. The plaintiff filed this timely appeal.

On appeal, the plaintiff challenges only the trial court's decision regarding the State Farm Insurance policy. The plaintiff first argues that the trial court erred by refusing to create a constructive trust. The defendants argue that the plaintiff waived the constructive trust argument because the plaintiff failed to allege sufficient facts to support the imposition of a constructive trust. We agree with the defendants.

■ Initially, we address the plaintiff's claim that the defendants may not raise the insufficiency of her complaint because they failed to raise it in the trial court and failed to file a cross-appeal. The plaintiff fails to recognize that, although issues not raised by appellants in their briefs are generally considered waived (155 Ill. 2d R. 341(e)(7)), appellees may urge any point in support of the judgment on appeal that is supported by the record regardless of whether the point was raised in the trial court. *Mayfield v. ACME Barrel Co.*, 258 Ill. App. 3d 32, 37 (1994). Thus, we now address the sufficiency of the plaintiff's complaint.

■ It is well established that a plaintiff may not recover on a theory that is not contained in her complaint. *Lempa v. Finkel*, 278 Ill. App. 3d 417, 424 (1996). As this court previously stated, " 'Proof without pleadings is as defective as pleadings without proof.' " *Keno & Sons Construction Co. v. La Salle National Bank*, 214 Ill. App. 3d 310, 312 (1991), quoting *Greene v. Rogers*, 147 Ill. App. 3d 1009, 1021 (1986). It is irrelevant that the constructive trust issue was briefed before the bench trial began in May 1996 and the trial court proceeded as if the constructive trust issue was properly before the court. See *Lempa*, 278 Ill. App. 3d at 424. "It is axiomatic that a party must recover, if at all, on and according to the case he has made for himself by his pleadings." *Lempa*, 278 Ill. App. 3d at 424. It is well settled that a reviewing court is not bound by the reasons given for a trial court's judgment and may affirm on any basis supported by the record regardless of whether the trial court relied on the same basis. *Messenger v. Edgar*, 157 Ill. 2d 162, 177 (1993). Thus, we will review only the pleadings to determine whether the constructive trust issue was properly raised by the plaintiff.

■ In Illinois, a fact-pleading state, a plaintiff must set out ultimate facts which support her cause of action. *Lempa*, 278 Ill. App. 3d at 424. However, courts must construe pleadings liberally with the ultimate goal of doing substantial justice between the parties. 735 ILCS 5/2—603(c) (West 1996).

■ A constructive trust is an equitable remedy imposed against one who, by some form of wrongdoing such as actual or constructive fraud, breach of a fiduciary duty, duress, coercion, or mistake, has

been unjustly enriched. *In re Estate of Vogel*, 291 Ill. App. 3d 1044, 1046-47 (1997). A court may not impose a constructive trust unless the complaint contains specific allegations of wrongdoing or unconscionable conduct and the grounds for imposing the trust are so clear, convincing, strong, and unequivocal as to lead to one conclusion. *Suttles v. Vogel*, 126 Ill. 2d 186, 194 (1988); *Estate of Vogel*, 291 Ill. App. 3d at 1047.

■ On appeal, the plaintiff contends that she obtained equitable rights as a beneficiary of Ernest's insurance policy which were wrongfully taken from her when Ernest changed the beneficiary designation. However, the plaintiff's complaint does not allege any specific wrongful act by Ernest. It alleges only that the "life insurance policies were used to protect and secure the welfare of the surviving party upon the death of the other," "marital funds were used to purchase [Ernest's] life insurance policy," and the plaintiff will "suffer irreparable harm and injury if she does not receive [the] funds." The plaintiff's complaint does not allege that Ernest agreed to retain the plaintiff as the beneficiary of his life insurance policy, breached a duty owed to the plaintiff, or committed an act of fraud. In light of the principles expressed above, we conclude that the plaintiff failed to sufficiently allege facts to support the imposition of a constructive trust. Further, because the plaintiff never amended her third amended complaint to include facts which would support the imposition of a constructive trust, we will not reverse the trial court's decision regarding this issue. See *Keno*, 214 Ill. App. 3d at 312-13.

The cases cited by the plaintiff to support her argument (*Johnson v. North American Life & Casualty Co.*, 100 Ill. App. 2d 212 (1968); *Appelman v. Appelman*, 87 Ill. App. 3d 749 (1980)) are factually distinguishable. The plaintiffs in these cases alleged that the insureds either expressly or impliedly agreed to maintain the plaintiffs as beneficiaries of their life insurance policies. In *Johnson*, the wife of a deceased insured sufficiently pleaded breach of an implied agreement where the wife alleged that she signed a promissory note for a substantial sum, becoming personally liable for her husband's debt the day after he named the wife beneficiary of his life insurance policy. *Johnson*, 100 Ill. App. 2d at 215, 219. In *Appelman*, a marital settlement agreement expressly provided that the insured/husband would maintain the wife as beneficiary of his life insurance policy. *Appelman*, 87 Ill. App. 3d at 751.

In the case at bar, the plaintiff did not sufficiently allege either an implied or express agreement. Rather, she alleged that she and Ernest purchased two life insurance policies, one in each of their names. She further alleged that the policies were purchased with marital funds.

However, the plaintiff did not allege, like the plaintiffs in *Johnson*, that she detrimentally relied on an implied promise by Ernest. Nor did the plaintiff allege, like the plaintiff in *Appelman*, that she and Ernest expressly agreed to retain each other as the beneficiaries of their life insurance policies. Thus, the cases cited by the plaintiff are inapplicable to the case at bar.

The plaintiff also argues "[a]bsolutely no principle of law has been advanced in this case which would entitle Ernest's children to the benefit of the life insurance proceeds." The plaintiff fails to recognize that, unless an initial beneficiary's rights have already vested, an insured may change the beneficiary on his life insurance policy on his own whim if he reserved the right to do so. *Perkins v. Stuemke*, 223 Ill. App. 3d 839, 842 (1992). By the terms of their policies, both Ernest and the plaintiff reserved the right to change their beneficiaries, and both Ernest and the plaintiff exercised that right. Because the plaintiff has failed to allege facts which establish that her rights to the insurance proceeds vested before Ernest changed the beneficiary, Ernest's children are entitled to the proceeds of Ernest's life insurance policy.

Next, the plaintiff argues that the trial court erred by finding that Ernest's change of beneficiary did not violate the automatic stay provision of the Marriage Act (750 ILCS 5/501.1 (West 1994)). The defendants argue that the automatic stay provision of the Marriage Act was not in effect at the time of Ernest's change of beneficiary because our supreme court held the provision unconstitutional (*Messenger*, 157 Ill. 2d 162). The defendants also argue that, even if the automatic stay provision was in effect, Ernest did not violate it by changing the beneficiary because he took that action over two months before he filed his petition for dissolution of marriage.

Section 501.1 provides in relevant part as follows:

"(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

(1) restraining both parties from transferring, encumbering, concealing, destroying, spending, damaging, or in any way disposing of any property, without the consent of the other party or an order of the court, except in the usual course of business, for the necessities of life, or for reasonable costs, expenses, and attorney's fees arising from the proceeding, as well as requiring each party to provide written notice to the

other party and his or her attorney of any proposed extraordinary expenditure or transaction[.]'' 750 ILCS 5/501.1(a)(1) (West 1994).

■ The record reveals that Ernest changed the beneficiary on his life insurance policy on August 12, 1994, and, over two months later, on October 18, 1994, he filed a petition for dissolution of marriage. Section 501.1 of the Marriage Act prohibits the transfer of property ''[u]pon service of a summons and petition.'' 750 ILCS 5/501.1(a) (West 1994). Because Ernest changed the beneficiary more than two months before he filed his petition, the trial court's finding that Ernest did not violate the automatic stay pursuant to section 501.1 of the Marriage Act was not against the manifest weight of the evidence. Since we have determined that the trial court's finding was not against the manifest weight of the evidence, we need not address the defendants' argument that section 501.1 of the Marriage Act is unconstitutional.

The plaintiff cites *In re Marriage of Isaacs*, 260 Ill. App. 3d 423 (1994), and *In re Marriage of Smith*, 114 Ill. App. 3d 47 (1983), to support her argument. These cases do not address the automatic stay provision contained in section 501.1 of the Marriage Act. These cases only address when the transfer of property can constitute dissipation of marital assets under section 503(d) of the Marriage Act (750 ILCS 5/503(d) (West 1994)). Accordingly, the cases cited by the plaintiff are inapplicable to the case at bar.

Because we affirm the trial court's decision on other grounds, we need not address the plaintiff's argument that the trial court improperly compared its decision to that of a property division in a divorce proceeding.

■ Finally, we address the defendants' motion for sanctions pursuant to Supreme Court Rule 375(b) (155 Ill. 2d R. 375(b)) based on the plaintiff's argument that ''Ernest's actions in executing the Change in Beneficiary Form was violative of the automatic stay, and therefore, invalid as a matter of law.'' The defendants claim that this argument is frivolous because it is not grounded in fact and the automatic stay provision of the Marriage Act was held unconstitutional. Although we find no merit in the plaintiff's argument, it is not so ''lacking in foundation as to warrant the imposition of sanctions.'' *Swanson v. Cater*, 258 Ill. App. 3d 157, 163 (1994). Thus, we deny the defendants' motion.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

GEIGER, P.J., and INGLIS, J., concur.