MANION, Circuit Judge.
Nicolas Balagiannis and his company, Reserve Hotel PTY Limited, sued Theodore Mavrakis in the district court and in Greece for breach of contract arising from a failed business venture involving a casino. When Balagiannis failed to confirm his compliance with the terms of the settlement agreement, Mavrakis ceased making payments under the agreement, so Bala-giannis sued to enforce it. The district court dismissed the suit for failure to state a claim. We affirm.
I. Background
In the aftermath of a casino investment venture gone awry, Balagiannis and Mav-rakis entered into a settlement agreement. Under the agreement, Mavrakis would pay Balagiannis $1,225 million; in exchange, Balagiannis would dismiss pending litigation in the district court with prejudice and “withdraw the Complaint he ha[d] filed against Mavrakis” in the Greek legal system no later than September 28, 2012. Mavrakis made three of five agreed payments, and in March 2012, Balagiannis sent a three-page letter to a district attorney in Athens. The letter did not expressly or generally reference withdrawal of the complaint against Mavrakis. Instead, it only requested “completion of the ongoing preliminary investigation.” After Balagian-nis refused to confirm that he had withdrawn the Greek complaint, Mavrakis declined to make the final two payments amounting to $925,000. In October 2013, *740 Balagiannis filed this suit alleging that Mavrakis breached the settlement agreement. Mavrakis moved to dismiss on grounds that Balagiannis failed to allege that he had satisfied his own obligation to withdraw the Greek complaint. Three months later (and nineteen months after the September 28, 2012, date that withdrawal of the complaint was required under the settlement agreement), Balagian-nis ' filed a declaration with the district court (dated March 4, 2014, and filed in Greece), which may (or may not) have withdrawn the complaint in Greece. The district court held that Balagiannis failed to allege plausibly his compliance with the settlement agreement, and dismissed the suit. Balagiannis timely appealed.
II. Analysis
We will treat the district court’s order as a judgment on the pleadings, which we review de novo. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir.1998). Because settlement agreements are contracts, we look to state law for the rule of decision. Newkirk v. Village of Steger, 536 F.3d 771, 774 (7th Cir.2008).

A. Plausibility

Under Illinois law, a “party cannot sue for breach of contract without alleging ... that he has himself substantially complied with all the material terms of the agreement.” George F. Mueller & Sons, Inc. v. N. Ill. Gas Co., 32 Ill.App.3d 249, 336 N.E.2d 185, 189 (1975). Balagiannis argues that he substantially performed the terms of the settlement agreement because he did all that he could do to implement them. He points out that he dismissed the suit pending in the district court (over which there is no disagreement) but concedes that he was unable to provide assurance to Mavrakis that the Greek complaint was dismissed because the Greek legal system is inquisitorial (a critical fact here because it means that Greek authorities have no obligation to dismiss Balagiannis’s suit, even if he sought to do so). Building on his concession, he contends that Mavrakis has not suffered any injury because he has not been subjected to any criminal or civil liability by any Greek court. For these reasons, Balagiannis argues that he has provided substantial performance under the settlement agreement and that Mav-rakis should be required to continue making payments consistent with its terms.
There are two distinct problems with Balagiannis’s argument. First, here at the pleadings stage, the issue is not whether Balagiannis substantially performed, but whether he has pleaded substantial performance. The Supreme Court’s decisions in “Iqbal and Twombly hold that a complaint must be dismissed unless it contains a plausible claim.” Bank of America, N.A. v. Knight, 725 F.3d 815, 818 (7th Cir.2013). The district court concluded that Balagian-nis failed to allege plausibly that he performed both conditions of the settlement agreement that were preconditions to its enforcement. Balagiannis v. Mavrakis, 2014 WL 3889064, at *2 (N.D.Ill., Aug. 8, 2014) (referring to the allegations in Bala-giannis’s complaint as “utterly implausible”).
The only allegation in Balagiannis’s complaint that concerns performance of his obligation to withdraw the Greek complaint is found at ¶ 30 and states that
at the time the Settlement Agreement was signed, Mr. Balagiannis believed that he had requested that the Complaint against Mavrakis and his wife in Greece be withdrawn and that this in fact had occurred.
Notably, Balagiannis has not pleaded that he made an actual request to withdraw the complaint, but merely that he believed that he had done so. This distinc *741 tion is key. One’s beliefs about Ms performance in a commercial dispute are not the same as one’s allegations about his actual performance. Rule 8 requires a “short and plain statement of the claim showing that the pleader is entitled to relief’ — it does not sanction a statement that the pleader believes himself entitled to relief. The civil rules required Balagiannis to plead that he took some discrete action to withdraw his complaint in Greece. He did not do so. The consequence of Bala-giannis’s failure to assert that he withdrew the Greek complaint is that he failed to assert a plausible claim.

B. Substantial performance

We conclude that Balagiannis failed to allege plausibly that he performed under the settlement agreement. This reason is wholly sufficient to affirm the district court. However, for the sake of completeness, we also address his substantial performance argument. Notwithstanding Ba-lagiannis’s defective pleading, he argues that he substantially performed here because: 1) the agreement calls for him to satisfy a pair of conditions; 2) he satisfied the first condition; and 3) he later learned that the second condition was beyond his control because the Greek legal system is inquisitorial.
So did Balagiannis substantially perform under the terms of the settlement agreement? Balagiannis contends so, but our colleague in dissent is more circumspect — his principal contention is not that Balagiannis should win, but that dismissal was premature. We respectfully disagree.
A party’s enforcement action fails unless the would-be enforcer has first satisfied his obligations under the agreement. W.E. Erickson Constr., Inc., v. Congress-Kenilworth Corp., 115 Ill.2d 119, 104 Ill. Dec. 676, 503 N.E.2d 233, 236-37 (1986) (Under the doctrine of substantial performance, “all the essential elements necessary to the accomplishment of the purpose of the contract” must be alleged and proven). Based on the papers filed in this case, we know the following about Bala-giannis’s efforts towards his underlying obligations: we know that the settlement agreement required Balagiannis to withdraw his complaint against Mavrakis, and we know that he failed to do so because the three-page letter Balagiannis’s lawyer sent to Greek authorities before September 28, 2012, does not mention withdrawal or any analogous mechanism that eliminates Mavrakis from the proceeding. See Doc. 26-3. Finally, we know that the belated March 4, 2014, declaration Balagian-nis filed with the district court — regardless of whether or not it withdrew the complaint in Greece — was filed nineteen months after the September 28, 2012, deadline in the settlement agreement.
On the basis of the information discerned from these papers, Balagiannis has not satisfied his obligations under the agreement, and his enforcement action must fail. Although our colleague in dissent contests the formalism of that determination, the district court did not need the benefit of an expert in Greek law to reach the conclusion that a letter which fails to mention anything about withdrawing a party from the case will not result in that party being withdrawn from the case. And while he faults us and the district court for failing to credit the belated March 4, 2014, declaration, the fact remains that if the district court had credited this declaration, it could have granted judgment on the pleadings for Mavrakis because it proves that Balagiannis did not substantially perform within the time frame contemplated by the settlement agreement.
In short, Balagiannis was required to deliver if he wanted Mavrakis’s performance. If we were to agree with Balagian- *742 nis, he would be entitled to all the money promised in the settlement even though he admits he has not delivered (and cannot deliver) what Mavrakis wanted in exchange: peace of mind that no criminal prosecution in Greece would be forthcoming. Balagiannis could have avoided this conundrum if he had sought rescission in the district court on grounds that it was impossible for him to terminate the proceeding in Greece. But he did not, and it is not our responsibility to re-litigate this case for him.
III. Conclusion
Balagiannis failed to allege that he complied with both conditions of the settlement agreement. Additionally, his pleadings show that he failed to substantially perform. Accordingly, we AFFIRM the judgment of the district court.